IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-44-MOC-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES EDWARD WHISENANT, JR. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's "Unopposed Motion for Issuance of Subpoena Duces Tecum Pursuant to Federal Rule of Criminal Procedures 17(c) and (d)" (the "Motion," Doc. 32).

I. Relevant Background

On November 30, 2022, Defendant pled guilty to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). A sentencing hearing has not yet been scheduled.

By the Motion, Defendant requests that the Court authorize the issuance and service of a subpoena duces tecum pursuant to Rule 17 of the Federal Rules of Criminal Procedure to compel the production of records returnable to counsel for Defendant in preparation for sentencing. The Motion states that the Government does not oppose the request.

1

## II. Discussion

Rule 17(c) states in part:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

A number of courts have interpreted Rule 17(c) as authorizing the issuance of subpoenas for use in post-trial hearings, including sentencing. See, e.g., United States v. Winner, 641 F.2d 825, 833 (10th Cir. 1981); United States v. Reid, No. 10-20596, 2011 WL 5075661, at *3 (E.D. Mich. Oct. 26, 2011); United States v. Krane, 625 F.3d 568, 574 (9th Cir. 2010); see also United States v. Bartko, No. 5:09-CR-321-D, 2011 WL 2471556, at *4, n.1 (E.D.N.C. June 21, 2011).

An application for a Rule 17(c) subpoena duces tecum must clear the hurdles of relevancy, admissibility, and specificity. United States v. Nixon, 418 U.S. 683, 700 (1974). In particular, the applicant must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend

2

> unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Id. at 699-700.

Here, the Motion seeks materials held by Combined Public Communications. In particular, the Motion requests a subpoena for an audio recording of a phone call between Defendant and his mother while Defendant was housed at the Transylvania County Jail. The Motion states that the Presentence Investigation Report calculates a two-level increase in Defendant's base offense level based in part on this phone call and that Defendant objects to the Government's characterization of the call.

The Motion reports that defense counsel cannot obtain the requested record without a court order but that a representative of Combined Public Communications has stated, upon receipt of a subpoena, that he would comply with the request and produce the recording. Defense counsel also certifies that it is her professional opinion that the requested material is necessary in order to adequately represent Defendant.

Under these circumstances, the undersigned concludes that Defendant has satisfied the requirements for the issuance of the requested subpoena duces tecum.

It also appears from the Motion that Defendant is unable to pay the costs of service of the requested subpoena and therefore that, pursuant to Rule 17(b)

and (d), to the extent process costs and witness fees are generated, such costs and fees should be paid in the same manner as if the subpoena had been issued by the Government.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's "Unopposed Motion for Issuance of Subpoena Duces Tecum Pursuant to Federal Rule of Criminal Procedures 17(c) and (d)" (Doc. 32) is **GRANTED,** and a subpoena duces tecum shall be issued to the recipient named below:

> Combined Public Communications
> 100 Aqua Drive Cold Spring, KY 41076
> Phone: 859-441-5554
> Attn: Phil Sargent, 859-468-8408

The subpoena shall direct that the following information be produced to counsel for Defendant by April 26, 2023, or at a later date as may be agreed upon by counsel for Defendant and the producing party:

> An audio recording of an inmate phone call on May 31, 2022 at 4:27 PM from the Transylvania County Jail between Defendant and is mother, which originated from 828-884-1011 and was made to 757-620-8925. The recording should be produced, if possible, in a format that allows only the inmate's side of the conversation or the recipient's side of the conversation to be played.

2. Pursuant to Rule 17(d), an investigator/paralegal for the Office of the Federal Public Defender may serve the subpoena. To the extent process costs and witness fees are generated, they are to be paid in the same manner as if the subpoena had been issued by the Government.

Signed: April 21, 2023

W. Carleton Metcalf
United States Magistrate Judge