UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-44

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JAMES EDWARD WHISENANT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's Motion for a Preliminary

order of Forfeiture (#33) pursuant to FED. R. CRIM. P. 32.2(b) concerning the following assets:

- Kyocera cellular phone
- Two personal sexual devices

Under 18 U.S.C. § 2428(a)(1), "The Court, in imposing sentence on any person convicted

of a violation of this chapter, shall order… that such person shall forfeit to the United States such

person's interest in any property, real or personal, that was used or intended to be used to commit

or to facilitate the commission of such violation."

The Federal Rules of Criminal Procedure instruct that forfeiture is appropriate upon a

finding of a nexus, i.e., a connection between the property sought to be forfeited and the

violation at issue. FED. R. CRIM. P. 32.2(b)(1)(A). The burden is on the Government to establish

by a preponderance of the evidence that the property at issue is subject to forfeiture. See United

States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003).

With regard to property that facilitates, is intended to facilitate, or is involved in a crime,

1

nexus is met where there is a "substantial connection" between the property and the crime. See United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010). A substantial connection is satisfied by showing that the use of the property made "the crime less difficult or more or less free from obstruction or hindrance." Id. (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)). The nexus finding may be based on evidence already in the record, including the written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court. FED. R. CRIM. P. 32.2(b)(1)(B).

After review, the Court finds that the Government has established by a preponderance of the evidence that the cellular phone and two personal sexual devices specified above are subject to forfeiture. The record in this case supports the finding that the items were used or intended to be used in Defendant Whisenant's offense of conviction.

For the foregoing reasons, the Court **GRANTS** the Government's motion for a preliminary order of forfeiture.

It is hereby **ORDERED, ADJUDGED and DECREED**:

1. In accordance with 18 U.S.C. § 2253, Defendant Whisenant shall forfeit the following assets to the United States:

   - Kyocera cellular phone
   - Two personal sexual devices

2. Pursuant to 21 U.S.C. § 853(n)(1) and FED. R. CRIM. P. 32.2(b)(6), the United States shall post on an official Government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property

2

in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

3.  Any person, other than Defendant Whisenant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

4.  After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Case 1:22-cr-00044-MOC-WCM   Document 35   Filed 05/08/23   Page 3 of 4

6.    Upon adjudication of third-party interests, if any, this Court will enter a final

Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2). If no

third party files a timely claim, this preliminary Order of forfeiture shall become the

final Order of forfeiture and shall be made part of the sentence and included in the

judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

7.    The Court shall retain jurisdiction to enforce this Order and to amend it as

necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: May 8, 2023

Max O. Cogburn Jr.
United States District Judge

4