IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-00044-MOC-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES EDWARD WHISENANT, JR. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Seal Exhibit 3 to Sentencing Memorandum (the "Motion to Seal," Doc. 39). Exhibit 3 consists of 14 pages of material concerning a psychological evaluation of Defendant that was performed by Eric A. Imhof, PsyD and Kimberly G. Spence, PhD, both of Specialized Treatment and Assessment Resources, P.A. (the "Report," Doc. 40).

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also LCrR 49.1.1.

1

Defendant's Sentencing Memorandum, the Motion to Seal, and the Report (under seal) were all filed on January 8, 2024 in advance of Defendant's sentencing, which is scheduled for January 16, 2024.

The undersigned has reviewed these materials and considered the public's interest in access to the Report and alternatives to sealing.

Defendant states that he seeks to file the Report under seal because it includes "detailed sensitive and private personal information concerning his childhood, protected health information including psychological testing, as well as, information regarding other individuals not a party to this case." Doc. 39 at 1. The Government does not oppose the Motion to Seal. Doc. 41.

Under the circumstances presented, the undersigned finds that Defendant has made a sufficient showing to warrant the sealing of the Report at this time.

While Defendant's personal and psychological issues may be pertinent to Defendant's sentencing arguments, information concerning those topics appears in Defendant's Sentencing Memorandum, which is on the public record, and the public's right of access to the Report itself, which contains Defendant's sensitive and private medical information, is substantially outweighed by Defendant's competing privacy interest in that information.

**IT IS THEREFORE ORDERED THAT**:

1. The Motion to Seal (Doc. 39) is **GRANTED** and the Report (Doc. 40) shall remain **SEALED** until further Order of the Court.

2. This ruling, however, is not intended to prohibit further consideration of the issue of the sealing of the Report if necessary, including in connection with Defendant's sentencing or upon a subsequent motion to unseal.

Signed: January 11, 2024

W. Carleton Metcalf
United States Magistrate Judge